UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER TAYLOR,

    Plaintiff,

  v.

KING COUNTY,

    Defendant.

CASE NO. C18-1802 RSM

ORDER GRANTING DEFENDANT KING COUNTY'S MOTION TO DISMISS

This matter is before the Court on Defendant King County's Motion to Dismiss (Dkt. #6). Plaintiff filed this action in the Superior Court of Washington for King County on October 19, 2018. Dkt. #1 at 5–6. Plaintiff specified that: "This suit is brought against King County WA under the torture act and ATA anti[-]terrorism act for conspiracy to infringe with the public and FBI on intellectual property of legislation of marijuana restate and the exclusive right on a software program and a patent and copyright on a water system." Dkt. #1 at 5–6 (errors in original). Defendant removed the action to this Court because Plaintiff asserted claims under federal law. Dkt. #1.

Defendant now seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). Dkt. #6. Rule 12(b)(6) provides for dismissal where a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is sufficient when it contains allegations

ORDER – 1

establishing "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Defendant succinctly details that Plaintiff has alleged claims upon which he cannot obtain relief and has failed to adequately plead those claims. Dkt. #6. First, Plaintiff's claims under the Torture Act (18 U.S.C. §§ 2340–2340b) fail because Plaintiff cannot seek a civil remedy under this federal criminal statute. Dkt. #6 at 3–4. Defendant also notes that, regardless, the Torture Act applies to acts and attempted acts of torture occurring outside of the United States, and Plaintiff has not alleged any acts occurring outside of the United States. *Id.* at 3–4 (citing 18 U.S.C. § 2340a). Second, Defendant notes that Plaintiff's claims under the Anti-Terrorism Act (18 U.S.C. §§ 2331–2339d) fail because, while the act does provide for civil remedies, ATA addresses acts of "international terrorism." Dkt. #6 at 4–5 (citing 18 U.S.C. § 2333(a)). Defendant notes that "Plaintiff does not allege that he suffered damage to person or property as a result of international terrorism." Dkt. #6 at 5. Defendant accordingly argues that Plaintiff has not pled a claim upon which relief can be granted and that Plaintiff's action must be dismissed. *Id.*

Plaintiff has not responded.[1] Pursuant to the Court's Local Civil Rules, the Court considers Plaintiff's failure to respond to be "an admission that the motion has merit." LCR 7(b)(2). For this reason and the reasons detailed above and in Defendant's Motion, dismissal is appropriate.[2]

---

[1] The Court also notes, as Defendant pointed out, that Plaintiff has had four similar actions before this Court, all of which have been dismissed in their preliminary stages. *Taylor v. DEA*, Case No. 18-334RAJ; *Taylor v. DEA*, Case No. 18-687RSM; *Taylor v. Microsoft*, Case No. 18-899RAJ; and *Taylor v. FBI Seattle*, Case No. 18-1045RSM.

[2] The Court further finds that leave to amend should not be granted as any such amendment would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend should be

ORDER – 2

Accordingly, having reviewed Defendant's Motion and the relevant record, the Court finds and ORDERS that Defendant King County's Motion to Dismiss (Dkt. #6) is GRANTED, all of Plaintiff's claims are DISMISSED and this matter is CLOSED.

DATED this 14th day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

granted "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

ORDER – 3